THEODORE M. WIETECHA, LINDA M. WIETECHA, JOSEPH CA-
DAMATRE AND JOAN CADAMATRE, PLAINTIFFS-APPEL-
LANTS, v. GUY PEORONARD, CHR BJELLAND & COMPANY,
INC., BORIS PISMICHENKO, ATTERBURY TAXI CORP.,
FRANCIS J. SULLIVAN, AND EDWARD M. MERSKI, DEFEND-
ANTS-RESPONDENTS, AND MITCHELL S. PERRY, DEFEND-
ANT.

GUY PEORONARD AND CHR BJELLAND & COMPANY, INC.,
THIRD-PARTY PLAINTIFFS-RESPONDENTS, v. PORT AU-
THORITY OF NEW YORK AND NEW JERSEY, THIRD-PARTY
DEFENDANT-RESPONDENT.

Argued February 19, 1985—Decided May 21, 1986.

592

*Paul J. Hirsh* argued the cause for appellants (*Whipple, Ross & Hirsh,* attorneys).

*Jack A. Maloof* argued the cause for respondents Guy Peoronard and CHR Bjelland & Company, Inc. (*Maloof and Lebowitz,* attorneys).

*Vincent J. Galasso* submitted a letter in lieu of brief on behalf of respondent Boris Pismichenko and Atterbury Taxi Corp.

*Hal D. Pugach* submitted a letter in lieu of brief on behalf of respondent Francis J. Sullivan (*Paul Seligman,* attorney).

*Gustave A. Peduto* submitted a letter in lieu of brief on behalf of respondent Edward M. Merski (*Oppenheim & Oppenheim,* attorneys).

*Stephen F. Kern* submitted a letter in lieu of brief on behalf of respondent Port Authority of New York and New Jersey (*Hugh H. Welsh,* attorney).

PER CURIAM.

This case was originally argued with *Mahoney v. Carus Chem. Co.,* 102 *N.J.* 564 (1986), also decided today. Its tragic circumstances illustrate the difficulties of applying the "fireman's rule" to complex factual situations. We believe, however,

that the lower courts correctly applied the rule to the police officers investigating accidents here, and thus, we affirm the order of summary judgment entered below.

This suit arises out of a multi-car accident that occurred on Route 495 in the Township of North Bergen during the late evening and early morning hours of August 27 and 28, 1981. The roadway is a heavily traveled, divided highway leading from the New Jersey Turnpike to the Lincoln Tunnel entrance. For purposes of this appeal, it is necessary only to set forth the facts that establish the sequence of the accident. Reference to the specifics of each accident, although pertinent to individual liability, is not essential to the subject matter of this appeal. For ease of analysis, we shall refer to the different cars involved by reference to their order of involvement in the accident:[1]

1. There was a minor accident between Car 1 and Car 2. Instead of pulling over to the right, the operators stopped in the inside or fast lane of Rt. 495 to exchange information.

2. Car 3 then collided with the rear of Car 1. (After the first accident, Car 2 had pulled to the left, ahead of Car 1.)

3. Patrolman 1 arrived at the scene to investigate the accident and stopped his patrol car behind Car 3 with emergency lights and flashers on. He commenced investigating the accident.

4. Car 4 then struck Patrol Car 1 in the rear.

5. Patrolman 1 went to Car 4 to investigate.

6. Patrolman 2 arrived at the scene to investigate the accident involving Patrol Car 1. He stopped his patrol car behind Car 4, again with flashers and blinkers on. Patrolman 2 stood behind Car 4.

7. Car 5 then collided with the rear of Patrol Car 2, causing it to strike and injure Patrolman 2. The impact drove Patrol Car 2 into Car 4, which in turn struck Patrolman 1.

---

[1]For the record, Car 1 is Francis Sullivan's car; Car 2 is Boris Pismichenko's taxi; Car 3 is that of Edward Merski; Patrol Car 1 is the police vehicle of Officer Theodore Wietecha; Car 4 is that of Guy Peoronard; Patrol Car 2 is that of Police Officer Joseph Cadamatre; and Car 5 is that of Mitchell S. Perry. In our holding we refer to operators; claims against owners would be resolved similarly.

■■ The core of the "fireman's rule" is that a citizen's ordinary negligence that occasioned the presence of the public safety officer shall not give rise to liability in damages for the injuries sustained by the officer in the course of the response to duty. *Mahoney v. Carus Chem. Co., supra,* 102 *N.J.* at 572. The corollary of the rule is that independent and intervening negligent acts that injure the safety officer on duty are not insulated.

Applying these principles to the record before it, the trial court ruled:

1. Patrolman 1 may state a claim against the operators of Cars 4 and 5, whose independent negligence occurred after he arrived at the scene of the accident, but not against the operators of Cars 1, 2 and 3, whose negligence may have occasioned his presence.

2. Patrolman 2 may state a claim against only the operator of Car 5, whose independent negligence occurred after the officer's arrival at the scene of the accident, but not against the first 4 cars, whose negligence may have occasioned his presence.

The Appellate Division affirmed that ruling in an unreported opinion. We granted plaintiffs' petition for certification, 97 *N.J.* 690 (1984), and then considered this appeal in conjunction with *Mahoney v. Carus Chem. Co., supra.* We have since been informed that certain of the claims involved have been settled. We therefore state the principles as they applied to the facts before the trial court.

In this case plaintiffs did not allege that their presence at the scene of hazard was occasioned by willful and wanton misconduct on the part of the vehicle operators. Hence, their challenge is to the fundamental premise that underlies the rule in its ordinary application.[2] In *Mahoney,* we recognized the continued validity of the rule in its core application to ordinary negligence. 102 *N.J.* at 572 (quoting *Krauth v. Geller,* 31 *N.J.* 270 (1960)).

---

[2]*Mahoney* was reargued after its original argument with this appeal, with the reargument limited to the question of whether willful and wanton misconduct was embraced by the immunity of the "fireman's rule."

Plaintiffs contend that the fireman's rule is an artificial exception to the basic concept of tort liability. They point out that another motorist volunteering to help would have suffered no such disability. They point as well to the paradox that two officers, each severely injured in the same accident, may have differing recoveries. We are naturally drawn to seek a result that will eliminate such a seeming disparity. We add only the observation made in *Mahoney, supra*, 102 *N.J.* at 578, that even total abandonment of the immunity rule would hardly guarantee evenhanded treatment: safety officers injured through negligence might then recover while those injured by acts where fault is not a factor would be barred from recovery.

Yet, as in *Mahoney, supra*, we must here also accept the fact that drawing lines is the business of judging. "[U]niformity of compensation" is a goal to be desired but not a bar to application of principle. 102 *N.J.* at 572. We continue to believe that the purposes of the "fireman's rule" are met in resolving the relative duties of citizens in this way. Had the operator of Car 1 negligently let the car run out of gas, coming to rest on the right-hand shoulder, off the main roadway, and had a patrolman who stopped to help him been struck by a passing car, would we not expect that the police officer would recover from the passing motorist but not the stopped one? The facts of this case are more complex and the outlines of the doctrine do not stand out as brightly in the collage. Yet the principle remains the same.

■■ The judgment of the Appellate Division is affirmed.

Justice Clifford joins in this opinion except to the extent that it may be read to limit the "fireman's rule," expressly or impliedly, to instances of a defendant's ordinary negligence. See his partial dissent in *Mahoney v. Carus Chem. Co.*, 102 *N.J.* 564 (1986).

HANDLER, J., dissenting in part.

The Court in this case has reached a result that is as puzzling as the tangle of legal issues it purports to solve. The Court allows patrolman 1 to recover only from the operators of cars 4 and 5 and patrolman 2 to recover only from the operator of car 5. Despite the negligence of all five car operators, and the provable proximate cause of their respective negligence, liability here may be limited (in the case of operator 4) or completely avoided (in the case of operators 1, 2, and 3) based solely upon the sequence of the misconduct creating the peril.

In my opinion this case can be used as a classic illustration of the fundamentally unfair and irrational results that will be generated by the "firemen's rule." In my dissenting opinion in *Mahoney v. Carus Chemical Co. Inc.*, 102 N.J. 564, 587 (1986), I noted with wry approval Justice Clifford's disapproval of the Court's new interpretation of the fireman's rule. Justice Clifford aptly observed that the majority's interpretation of the fireman's rule in that case would lead to a situation in which two police officers or two firefighters sustaining identical injuries may receive unequal treatment and recovery due to the difference in the nature of the conduct causing the hazard which injured them. In this case, without the benefit of the refinement or exception created by the majority in *Mahoney*, negligent car operators are given refuge under the immunity of the "fireman's rule" merely because their negligence occurred before plaintiffs arrived on the scene. We have in effect treated unequally two police officers sustaining virtually identical injuries in the same series of events. This case unfortunately exemplifies the peculiarities of our "fireman's rule."

For these reasons, and those set forth in my separate opinions in *Berko v. Freda*, 93 *N.J.* 81, 91 (1983) and *Mahoney v. Carus Chemical Co. Inc.*, *supra*, I dissent in part from the judgment of the Court.

598

*For affirmance*—Chief Justice WILENTZ, and Justices CLIFFORD, POLLOCK, O'HERN, GARIBALDI and STEIN—6.

*Dissenting in part*—Justice HANDLER—1.