KENNETH HEDBERG, Plaintiff-Appellant, v. JOSEPH MENDINO, Defendant-Appellee (Helen Stone, Defendant).

Second District  No. 2—90—1110

Opinion filed September 16, 1991.

Perry M. Berke and John R. Malkinson, both of Baskin, Server, Berke & Weinstein, of Chicago, for appellant.

Gary W. Klages, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Waukegan, and D. Kendall Griffith, Joshua G. Vincent, and Gary J. Bazydlo, all of Hinshaw & Culbertson, of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

In this cause, we are asked to examine the scope of the "fireman's rule" in Illinois. Plaintiff, Kenneth Hedberg, appeals the dismissal of his complaint against defendant, Joseph Mendino. The issue is whether the complaint states a cause of action in negligence for which relief can be granted when the injury to the plaintiff occurred in the course of his duties as a policeman.

In his complaint, plaintiff alleged that the defendants owned and maintained certain premises in Highland Park. Plaintiff was lawfully

on the premises to respond to a call regarding a prowler at the location. Plaintiff was injured when he came into contact with a depressed and defective portion of the sidewalk leading to the premises. Plaintiff alleged that the defendants failed to maintain the sidewalk in a reasonably safe condition; failed to inspect it; failed to provide adequate lighting; and failed to warn of the defect. The trial court granted Mendino's motion to dismiss, and plaintiff appeals pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

Plaintiff contends the trial court erred in applying the "fireman's rule" to the facts alleged in the complaint. Although most of the cases cited in our discussion involve fire fighters, the rule applies to police officers as well, but throughout this opinion we will refer to the public officer which is the subject of the particular case being cited. No issue is raised in this cause whether maintaining a defective sidewalk can constitute negligence. (See *Thiede v. Tambone* (1990), 196 Ill. App. 3d 253; *Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15.) Rather, the issue is how plaintiff's status as a policeman affects the defendants' duty to him.

■ In Illinois, the courts have ruled that an action may lie against a landowner for failure to exercise reasonable care in the maintenance of his property which results in the injury or death of a fireman or a policeman lawfully on the premises responding to an emergency at a place where he might reasonably be expected to go. (*Dini v. Naiditch* (1960), 20 Ill. 2d 406, 416-17.) The duty of a landowner to a fireman or a policeman is the same as the duty to any invitee. *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 556-57; *Briones v. Mobil Oil Corp.* (1986), 150 Ill. App. 3d 41, 44; *Murphy v. Ambassador East* (1977), 54 Ill. App. 3d 980, 984; Restatement (Second) of Torts §345(2) (1965).

■ The "fireman's rule," however, limits a landowner's liability to a policeman or fireman on the premises. "[W]hile a landowner owes a duty of reasonable care to maintain his property so as to prevent injury occurring to a fireman from a cause independent of the fire[,] he is not liable for negligence in causing the fire itself." (*Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 108.) A fireman cannot complain of negligence in the creation of the very occasion of his employment. It would be unfair to hold a landowner liable for the increased exposure to the risk of personal injury formed when a fireman enters the property in the performance of his employment. The fireman assumes the risks normally associated with his occupation when he comes to fight a fire, but he does not assume the risks created by other acts of negligence perpetuated by a landowner. (*Wash-*

*ington,* 66 Ill. 2d at 109.) In *Washington,* the defendant maintained a faulty gasoline pump which allowed a fire to commence, and the plaintiff fireman was injured when, under orders, he tried to release pressure in a gasoline tank; the plaintiff was not injured from an act of negligence different from the defendant's act of negligence which caused the fire. The resulting explosion was within the range of expected risks involved in fighting that kind of fire in the proximity of gasoline tanks.

◼ The "fireman's rule" is construed in the context of the duty a landowner owes to an emergency worker. A defendant has the duty to maintain his property in a safe condition for all invitees. A landowner's liability is determined under section 343 of the Restatement (Second) of Torts (1965), which provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts §343 (1965).

See *Fancil,* 60 Ill. 2d at 557.

In *Fancil,* the plaintiff did not allege that the defendant negligently created the reason for which the decedent policeman was on the premises. Instead, the policeman's representative alleged that the defendant failed to maintain adequate lighting in the area where the policeman was shot by burglars. The supreme court ruled, however, that the plaintiff failed to state an adequate claim of negligence. There were numerous facts in the complaint which demonstrated that the policeman did in fact realize the danger when he investigated the premises and did try to protect himself from the danger of lurking burglars; thus, the plaintiff failed to satisfy section 343(b). Moreover, the court reasoned that the policeman's acts did not involve an unreasonable risk for a police officer because the danger was a risk inherent in the occupation. *Fancil,* 60 Ill. 2d at 558.

Fire fighters assume those risks which are apparent to them and which are inevitably associated with fire fighting, and the landowner can expect them to realize those dangers. However, fire fighters do not assume those risks that are hidden from or unanticipated by the fire fighters. Thus, a fire fighter may not recover damages from a

landowner if his injury is caused by an apparent risk, but may recover if his injury is caused by an unanticipated risk attributable to the landowner's negligence and such negligence is the proximate cause of the injury. See *Washington*, 66 Ill. 2d at 107; *Coglianese v. Mark Twain Limited Partnership* (1988), 171 Ill. App. 3d 1, 4-5; *Horn v. Urban Investment & Development Co.* (1988), 166 Ill. App. 3d 62, 67, citing *Armstrong v. Mailand* (Minn. 1979), 284 N.W.2d 343, 350; Annot., 11 A.L.R.4th 597 (1982).

Applying the above principles to the cause before the court, we find that plaintiff is not alleging that defendants negligently caused or contributed to the emergency that brought plaintiff onto the premises. Instead, plaintiff alleges that they negligently maintained the property to cause an unreasonable risk of harm to invitees. Plaintiff was on the property to investigate a prowler and not to investigate the sidewalk. The injury arose from a cause independent of the reason plaintiff was called to the premises. (See *Court v. Grzelinski* (1978), 72 Ill. 2d 141, 148.) The accident occurred outside the scope of the dangers which he had assumed to take. The issue then is whether they had a duty to plaintiff to protect him against that danger, and, in this context, whether they could expect him to have realized that danger by virtue of his occupation.

■ At this stage in the proceedings, a motion to dismiss the complaint, we must determine whether the complaint, when viewed in the light most favorable to the plaintiff, alleges facts sufficient to establish a cause of action for which relief may be granted, and we must take all well-pleaded facts as true. (*Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 47; *Fancil*, 60 Ill. 2d at 554.) There is nothing in the record which disputes plaintiff's contention that the defective sidewalk constituted an unreasonable risk and a danger not realized or anticipated by him. The precise issue before us is not whether a defective sidewalk can never support a breach of duty to an invitee, but whether defendant's duty was not established because plaintiff was a policeman and thus assumed the risk of a defective sidewalk as part of his duties in responding to the call of a prowler. We hold he did not assume that risk. Plaintiff had a right to assume that the premises were reasonably safe for his entry onto defendant's land at a time he was concerned with investigating and possibly protecting himself from the prowler. This cause differs from *Fancil* because in *Fancil* the complaint revealed the policeman knew of the danger in the shadows and protected himself against it; thus, the defendant's duty was not breached. The complaint here does not show that plaintiff was aware or should have been aware of the defective and uneven sidewalk.

Finally, defendant was granted leave to file additional authority for this matter. He cites *Rosa v. Dunkin' Donuts* (1991), 122 N.J. 66, 583 A.2d 1129, in which a police officer slipped on a white, powdery substance (sugar or flour) while carrying an unconscious employee to an ambulance. The plaintiff did not sue the defendant for negligence in creating an emergency, but for creating a foreseeable risk of avoidable future harm, *i.e.*, for not removing the powder from the floor. The New Jersey Supreme Court read the "fireman's rule" as creating an "immunity" from suit to those guilty of previous ordinary negligence. The court stated that fire fighters and police officers assumed *all* the risks and hazards of their jobs. Because hazards are endemic and landowners cannot be expected to houseclean before calling emergency workers, an emergency worker has no right to expect that the premises are safe or prepared for his arrival. (122 N.J. at 73, 583 A.2d at 1132.) It considered the distinction between the negligence that occasions the officer's presence on the scene and the negligence causing the injury to be artificial. (122 N.J. at 74, 583 A.2d at 1133.) The court stated it would apply the immunity in all cases other than those where the hazard was caused willfully, wantonly, deliberately or maliciously, or in cases where the officer was acting as an ordinary citizen. Thus, the New Jersey court would bar recovery for most acts of ordinary negligence posing hazards that are incidental to and inherent in the performance of an officer's duties. 122 N.J. at 76, 583 A.2d at 1134.

■ We decline to extend the "fireman's rule" to such cases. That interpretation directly conflicts with our supreme court's pronouncements in *Fancil, Washington* and *Grzelinski*. The *Rosa* holding would render meaningless the rule that police officers are entitled to the same protection as any invitee. The rule in Illinois attempts to balance the competing concerns of not placing unreasonable burdens upon landowners from firemen coming onto their property and of not undermining the general duty of landowners to exercise reasonable care to keep the premises safe. (*Grzelinski*, 72 Ill. 2d at 148.) Thus, our supreme court announced the rule that landowners have a duty of reasonable care to prevent injury to firemen which might result from a cause independent of the fire, but no duty to prevent injury resulting from the cause of the fire itself. (72 Ill. 2d at 148.) We realize that there is often a fine line between the two types of negligence when the fire fighter is injured by the same defect in the land which caused the fire. (See *Coglianese*, 171 Ill. App. 3d at 5; *Horn*, 166 Ill. App. 3d at 68; *Luetje v. Corsini* (1984), 126 Ill. App. 3d 74, 78.) In these cases, however, the fire fighter was not injured by a cause indepen-

dent of the emergency being investigated. The injuries, which in these cases were caused by the burning structures, could be expected in fighting a fire in buildings and were thus reasonably anticipated. In the cause before the court, plaintiff was injured by a cause independent of the emergency he was investigating.

Defendant also argues that he should not be held liable for some *de minimis* condition in the land; however, there is no indication in the record that the depression in the sidewalk was too slight to be a hazard.

For the above reasons, the order of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and WOODWARD, JJ., concur.