731 A.2d 884

**Gerald TUCKER et ux.**

v.

**Charles SHOEMAKE d/b/a Rio Vista Plaza.**

**No. 120, Sept. Term, 1998.**

Court of Appeals of Maryland.

May 18, 1999.

Reconsideration Denied June 25, 1999.

414

Nicholas D. Cowie (T. Allen Mott, Cowie & Mott, P.A.; Joseph H. Ostad, Joseph H. Ostad, P.A., on brief), Baltimore, for appellants.

Margaret Fonshell Ward (Semmes, Bowen & Semmes, on brief), Towson, for appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

RODOWSKY, Judge.

In this personal injury case we hold that the defense known as the "Fireman's Rule" is not applicable.

## I. Facts

Rio Vista Plaza is a privately owned trailer park community located in Lothian, Maryland. The appellee, Charles Shoemake (Shoemake), is the owner of Rio Vista Plaza. One of the four streets in the trailer park is Jeannie's Court. Within a few feet from this street and immediately in front of one of the trailer homes is a square metal plate which covers an underground compartment that contained valves previously used for water supply and regulation in the trailer park.

Around midnight on September 15, 1996, Gerald Tucker, one of the appellants, and Keith Hoffman, both police officers with the Anne Arundel County Police Department, were dispatched to one of the trailer homes on Jeannie's Court in response to a domestic dispute. Officer Tucker parked his police car on the street, got out of the car, and began walking toward the trailer home. Officer Tucker said that the lighting in the area was "minimal." He was carrying his flashlight, but he did not turn it on for his own protection. On deposition Officer Tucker explained:

"I'm using officer-survival techniques going on a violent domestic, being cognizant of staying out of any light if there is any and making a tactical approach, staying out of the fatal funnel.

. . . .

"Q    I take it from your comments that your training tells you that it is preferable and desirable to remain outside of any sources of light when you're approaching a domestic call like this or a potentially violent call; is that correct?

"A   Our training teaches us to stay out of the fatal funnel, not a source of light but the fatal funnel, in other words the kill zone."

As Officer Tucker walked from the street onto the grass covered common area between the street and the trailer home, he unknowingly stepped on the metal cover.   The cover gave way, and he fell into the underground valve compartment. Officer Tucker describes the incident as follows:

"I parked my vehicle on the paved surface outside the Trailer.   I exited my vehicle and, from the street, unknowingly stepped on the metal cover of a manhole ditch.   I immediately felt the cover twist and give way under me because it was not properly seated on the lip of the hole. Although I was in excellent physical condition at the time of the accident, . . . I was unable to keep my balance from this unexpected hazard.   As a result, I fell into the manhole and the heavy steel cover fell on my neck and back area."

The morning following his fall Officer Tucker returned to the site and saw children's toys in the underground valve compartment.   He states that Darla Sipe, the manager of the Rio Vista Plaza, told him that morning that " 'the manhole has been there at the location for a long time and kids are always playing in the manhole without the cover on top,' " and that she had " 'told Charles Shoemake . . . on numerous prior occasions that the manhole cover posed a serious danger to kids and people may fall into the manhole and injure themselves.' "   Officer Tucker further stated that the manager told him that " 'Mr. Shoemake did not consider the manhole to be a danger [and] she could not understand why Mr. Shoemake had not already secured the cover since the valves in the manhole were already moved to another building across the street.' "

Officer Tucker was injured by the fall and states that according to his doctors he will not be able to return to police duties.

## II.   Procedural History

Officer Tucker and the other appellant, his wife, Darlene Tucker, filed suit in the Circuit Court for Prince George's

County against Shoemake d/b/a Rio Vista Plaza, alleging negligence, breach of duty to warn, gross negligence, and loss of consortium.

Shoemake moved for summary judgment on the grounds that the Tuckers' claims are barred by the Fireman's Rule and that the Tuckers failed to produce legally sufficient evidence of Shoemake's negligence. The Tuckers opposed the motion.

At the hearing on the motion in the circuit court Shoemake stated that "obviously the primary basis for the motion is the fireman's rule." The court entered summary judgment in favor of Shoemake, reasoning that although there was evidence that Shoemake knew of the recurrent problem with the metal cover, he did not know that Officer Tucker would be coming onto the property on that particular night and, therefore, Shoemake had no opportunity to warn Officer Tucker of the dangerous condition. Specifically, the court stated:

"This is not an issue of premises liability. In that context, it is a public policy argument with regard to public safety officers.

"In this case, for the sake of brevity, the owner of this property has no duty to make the premises safe for the police officer to come onto the property. There's no dispute of fact that the owner did not know that the officer was coming onto the property.

"In this case, the owner did not create the danger or possibly, arguably, created the danger. They knew of a recurrent problem with the cover on this—I think it says it was for valves and things of that nature. It's not a manhole, but it was a plate.

"They knew of a recurrent problem, but there's no evidence that they knew of the problem on this day. For the purposes of this discussion, I will deem that the recurrent nature of the defect is adequate to put them—have some obligation.

"Where we have a problem is this Defendant did not know that the officer would be on the premises and, therefore, this Defendant had no opportunity to warn the officer

of the defective condition that it knew of or knew repeated itself.

"The knowledge requirement of the Defendant is knowledge of the defective condition and knowledge of the entry or actual entry of the police officer on the premises that has not been shown in this case, and regretfully I will grant the motion for summary judgment in favor of the Defendant, and this case is closed statistically."

After the Tuckers unsuccessfully moved to alter or amend the judgment, they timely appealed to the Court of Special Appeals. Prior to consideration of this matter by the Court of Special Appeals, this Court issued a writ of certiorari on our own motion.

The following questions are presented for review:

"1. Whether the court erred in ruling that the fireman's rule barred Officer Tucker's action for injuries he sustained due to a dangerous condition in a negligently maintained portion of the Trailer Park held open as a public right-of-way which Tucker traversed in order to reach the site of a domestic dispute he was attempting to investigate.

"2. Whether the court erred in failing to apply the exception to the Fireman's Rule for known dangerous conditions when it was undisputed that the defective valve plate cover which caused Officer Tucker's injury was known by Appellee Shoemake to create a dangerous and recurring condition in an area of the Trailer Park intentionally held open to pedestrians as a public right-of-way."

These questions may be restated as follows:

"Did the circuit court err in granting summary judgment on the ground that the Fireman's Rule precluded the Tuckers' recovery?"

Both parties have interpreted the circuit court's decision to be that the Fireman's Rule bars the Tuckers' cause of action. No issue is raised as to the circuit court's analysis that the defendant did not have an opportunity to warn Officer Tucker

because he had no actual knowledge of the police officer's presence on the premises.[1]

### III. Analysis

██ Under Maryland common law, the Fireman's Rule provides that "firemen and police officers generally cannot recover for injuries attributable to the negligence that requires their assistance." *Flowers v. Rock Creek Terrace Ltd. Partnership*, 308 Md. 432, 447, 520 A.2d 361, 368 (1987).

> "A fireman or police officer may not recover if injured by the negligently created risk that was the very reason for his presence on the scene in his occupational capacity. Someone who negligently creates the need for a public safety officer will not be liable to a fireman or policeman for injuries caused by this negligence."

*Id.* at 447–48, 520 A.2d at 368. This public-policy grounded doctrine "is based on a relationship between firemen and policemen and the public that calls on these safety officers specifically to confront certain hazards on behalf of the public." *Id.* at 447, 520 A.2d at 368.

██ However, "firemen and policemen are not barred from recovery for all improper conduct." *Id.* at 448, 520 A.2d at 368–69. For example, "[n]egligent acts not protected by the fireman's rule may include failure to warn the fireman of pre-existing hidden dangers where there was knowledge of the danger and an opportunity to warn." *Id.*, 520 A.2d at 369.

██ This case is not one in which the Fireman's Rule applies to preclude recovery. Officer Tucker was not injured by the negligently-created risk that occasioned his presence at the trailer park. He was at the trailer park in response to a

---

1. It may be the case that the circuit court interpreted the Fireman's Rule to be that unless the police officer can establish that the landowner knew about the dangerous condition, knew that the officer would be on the premises on that particular day, and failed to warn the officer of the dangerous condition, then otherwise the Fireman's Rule bars the plaintiffs' claim. This appears to be how Shoemake explained the operation of the Fireman's Rule to the court during the hearing on the motion for summary judgment.

domestic dispute call, whereas he was injured as a result of stepping on the allegedly improperly seated metal cover to the underground valve compartment. Thus, the negligence alleged to have caused Officer Tucker's injuries was independent and not related to the situation requiring his services as a police officer.

*See, e.g., Kocan v. Garino,* 107 Cal.App.3d 291, 295–96, 165 Cal.Rptr. 712, 715 (1980) (reversing general demurrer sustained on the basis of the Fireman's Rule against a police officer injured by a fence that collapsed as he climbed over it while in hot pursuit of a felon; "[the defendant landowner's] negligence, if such there were, in no wise created the risk which was the cause of [the police officer's] presence on the property nor could it have provided, within the ambit of the fireman's rule, any occasion for [the police officer's] engagement at the time, which was instead a result of wholly independent factors not involving [the landowner]. Accordingly, while it may yet be the case that liability will not be established in any event, its absence will not depend upon the fireman's rule, but rather upon those considerations which generally govern the relationship between possessors of real property and those who are injured on it") (citation omitted); *Hedberg v. Mendino,* 218 Ill.App.3d 1087, 1091, 161 Ill.Dec. 850, 579 N.E.2d 398, 400 (1991) (reversing grant of motion to dismiss on the basis of the Fireman's Rule against a police officer injured on a defective sidewalk as he responded to a call regarding a prowler; "Plaintiff was on the property to investigate a prowler and not to investigate the sidewalk. The injury arose from a cause independent of the reason plaintiff was called to the premises"). *Cf. Schreiber v. Cherry Hill Constr. Co.,* 105 Md.App. 462, 474–75, 660 A.2d 970, 976 (applying *Flowers* in holding that the Fireman's Rule did not bar a police officer's claim for injuries suffered when, while investigating a motor vehicle accident, a car went out of control, crossed through a flare safety line, and struck the police officer; the negligence of the driver and the contractor who constructed the curve on which the car lost control was

independent of what necessitated the presence of the police officer), *cert. denied,* 340 Md. 500, 667 A.2d 341 (1995).

Conversely, had Officer Tucker suffered some injury due to a negligent condition in the trailer where the domestic dispute was or had been in progress, the Fireman's Rule likely would apply.

Shoemake argues that "the fireman's rule should be clarified to preclude recovery by public safety officers for acts of negligence which injure them, so long as the officer is injured during the transaction of performing an obligation of his occupation," subject to certain exceptions. "Any injury which occurred during ['the entire transaction of responding to the call'] must be within the scope of the fireman's rule." Contrary to Shoemake's "transactional approach" argument, the Fireman's Rule does not preclude recovery in all cases in which a police officer is injured in the line of duty. "We reiterate . . . that firemen and policemen are not barred from recovery for all improper conduct." *Flowers,* 308 Md. at 448, 520 A.2d at 368–69.

This case is similar to cases holding that the Fireman's Rule is not a bar to a police officer's claim for injuries sustained when struck by a motor vehicle at the scene of an earlier motor vehicle accident to which the officer had responded. The courts consider that the police officer's injuries resulted from acts of negligence independent of the cause of the officer's presence. *See Schreiber,* 105 Md.App. at 474–75, 660 A.2d at 976; *Wietecha v. Peoronard,* 102 N.J. 591, 595–96, 510 A.2d 19, 21 (1986) (per curiam); *Duda v. Griffin,* 165 A.D.2d 298, 300, 567 N.Y.S.2d 194, 195–96 (1991); *Aetna Cas. & Sur. Co. v. Vierra,* 619 A.2d 436, 439–40 (R.I.1993).

Shoemake further argues that Officer Tucker assumed the risk of being injured by the manner in which he approached the domestic dispute. Because this argument does not pertain to whether the Fireman's Rule operates to preclude recovery, it is not the basis on which the circuit court granted summary judgment. Consequently, we do not consider assumption of the risk as an alternative ground in support of the judgment.

*Gresser v. Anne Arundel County,* 349 Md. 542, 552, 709 A.2d 740, 745 (1998).

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY THE APPELLEE.**