No. 2-08-1053      Filed: 4-16-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BECKY RUSCH, Special Representative for James Rusch, Deceased, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 06--L--847 |
| KYLE LEONARD and CYNTHIA LEONARD, | ) ) ) ) | |
| Defendants | ) ) | Honorable David M. Hall and |
| (Falato Construction Company, Inc., Defendant-Appellee). | ) ) | Mary S. Schostok, Judges, Presiding. |

JUSTICE HUDSON delivered the opinion of the court:

Plaintiff, Becky Rusch, special representative for James Rusch, deceased, appeals from the trial court's grant of summary judgment in favor of defendant, Falato Construction Company, Inc. (Falato), and from the trial court's denial of her motion for leave to file an amended complaint. Plaintiff argues: (1) that the trial court erred in concluding that her cause of action was barred by application of both the "fireman's rule" and the "open and obvious rule"; and (2) that the trial court abused its discretion in denying her motion for leave to file an amended complaint. For the reasons that follow, we reverse and remand.

I. BACKGROUND

On January 18, 2006, James Rusch, a "firemedic," filed a two-count complaint against defendants, Kyle Leonard and Cynthia Leonard (the Leonards) and Falato, for personal injuries Rusch sustained while responding to an emergency call concerning an injured person on premises owned by the Leonards (the premises). Count I was against the Leonards and Falato. Count II was against Falato. Both counts alleged negligence.

Count I of the complaint alleged that, on February 2, 2004, the Countryside Fire Protection District, which employed Rusch as a firemedic, received a call concerning an injured person on the premises and dispatched Rusch to render aid and medical assistance. According to the complaint, as a result of defendants' negligence, Rusch suffered "severe and permanent injuries when he twisted and wrenched his back and body while carrying said injured person down said stairways and landings, which did not have a handrail and were unsecured, unprotected and unguarded." The complaint further alleged that the Leonards had employed Falato to construct a multilevel residence on the premises and that during construction all defendants were guilty of, inter alia, the following negligent acts and omissions:

"a. Performed construction work on the premises so that plaintiff was injured;

b. Allowed the entrances, landings, stairways and passageways to remain unguarded and unprotected while knowing that invitees would be on and about the premises and building being constructed;

c. Permitted a dangerous condition to exist and remain on the premises in an unguarded and unprotected state;

d. Failed to implement safety measures or to institute safeguards to prevent injuries to invitees, including the plaintiff, while knowing that invitees would enter on or about the premises and buildings being constructed;

e. Failed to post any notice or warning signs alerting persons coming on the premises, including the plaintiff, about the dangerous condition of the entrances, landings, stairways and passageways in the building;

f. Permitted unprotected, incomplete entrances, landings, stairways and passageways to exist in the building being constructed on the premises although defendants knew of this unsafe condition;

g. Failed to place fencing, barricades or other safeguards around the landings and stairways when defendants knew that invitees would be on and about the premises;

h. Failed to construct a handrail along and about the stairways and landings on the premises;

i. Allowed the stairways and landings to be constructed in a narrow manner without a handrail while knowing that persons, including the plaintiff, would be on and about the premises;

j. Were otherwise careless and negligent."

On April 2, 2007, the Leonards moved for summary judgment based on the "fireman's rule." "The fireman's rule is a doctrine [that] limits the extent to which firefighters or other public officers may be allowed to recover for injuries incurred when, in an emergency, they enter onto privately owned property in discharge of their duty." McShane v. Chicago Investment Corp., 235 Ill. App. 3d 860, 864 (1992). According to the Leonards, because "Rusch was engaged in [an] activity related

to his professional duties which was the cause of the accident," they were entitled to judgment as a matter of law.

On April 13, 2007, Falato moved to adopt the arguments contained in the Leonards' motion for summary judgment. Falato's motion to adopt was granted on May 29, 2007.

On August 10, 2007, Rusch filed a response to defendants' motion for summary judgment. In it, Rusch informed the court that Ronald Meinhardt, the injured person who was rescued by Rusch on February 2, 2004, had filed a complaint against defendants that had been consolidated with this case. During his discovery deposition, Meinhardt testified concerning the injuries he sustained at the premises. Meinhardt stated that he was injured by falling from the attic of the building to the second floor. He stated that there was only one stairway that went from the first floor to the second floor, which he had used approximately five times. He described the stairway as a "carpenter-built temporary stairwell." The stairway may have been made of scrap lumber, and he did not recall any handrails on the stairway. In addition, the stairs "seemed narrow." The stairway had nothing to do with Meinhardt's injuries. According to Rusch, because the cause of his injuries (falling on the stairs) was entirely independent of the cause of Meinhardt's injuries and the reason Rusch was called to the premises (Meinhardt's fall from the attic to the second floor), the fireman's rule did not apply.

In the meantime, Rusch died of causes unrelated to this action and, on August 22, 2007, the court granted plaintiff, Becky Rusch, leave to substitute as special representative for Rusch.

On October 11, 2007, the court granted summary judgment in favor of defendants. The court held that "the stairway in question presented an open and obvious danger to Rusch as he provided aid to Meinhardt. Under the fireman's rule the Complaint is barred as to all Defendants."

On November 13, 2007, plaintiff moved for reconsideration. On March 12, 2008, defendants jointly responded. On April 8, 2008, the court denied plaintiff's motion as to the Leonards but granted it as to Falato.

On April 25, 2008, Falato moved for reconsideration of the court's April 8, 2008, order.

On July 25, 2008, plaintiff moved for leave to file an amended complaint. Plaintiff noted that she had elected not to appeal the grant of summary judgment in favor of the Leonards. However, she asked leave to file against Falato an amended complaint alleging not only negligence but also willful and wanton conduct.

On July 29, 2008, the court granted Falato time to respond to plaintiff's motion for leave to file an amended complaint.

Also on July 29, 2008, the court granted Falato's motion for reconsideration of the court's April 8, 2008, order (thereby effectively reinstating summary judgment in Falato's favor). The court rejected plaintiff's argument that the deliberate encounter exception to the open and obvious rule applied, finding that "the deliberate encounter exception is inapplicable with respect to a fireman injured while responding to an emergency call."

On September 30, 2008, the court denied plaintiff's motion to file an amended complaint and ordered "that the prior entry of summary judgment in favor of Falato Construction Company is reinstated and that judgment is made final and appealable as of the date of this order."

On October 30, 2008, plaintiff filed a notice of appeal, challenging the grant of summary judgment in favor of Falato and the denial of her motion for leave to amend.

## II. ANALYSIS

### A. Summary Judgment

No. 2--08--1053

Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2--1005(c) (West 2008). A reviewing court's function is to determine whether a genuine issue of fact was raised and, if none was raised, whether judgment as a matter of law was proper. American Family Mutual Insurance Co. v. Page, 366 Ill. App. 3d 1112, 1115 (2006). The entry of summary judgment is subject to de novo review. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 102 (1992).

To prevail on a claim for premises liability, a plaintiff must allege and prove the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach of duty. Ward v. K mart Corp., 136 Ill. 2d 132, 140 (1990). The existence of a duty is a question of law and, therefore, may be resolved on a motion for summary judgment. Espinoza v. Elgin, Joliet & Eastern Ry. Co., 165 Ill. 2d 107, 114 (1995).

Plaintiff maintains that the trial court erred in concluding that, based on the fireman's rule, Falato owed no duty to Rusch. As noted above, "[t]he fireman's rule is a doctrine [that] limits the extent to which firefighters or other public officers may be allowed to recover for injuries incurred when, in an emergency, they enter onto privately owned property in discharge of their duty." McShane, 235 Ill. App. 3d at 864. "Premised on the concept of assumption of the risk, the fireman's rule places a limitation on landowner liability based upon the fact that firefighters knowingly and voluntarily subject themselves to certain hazards while fighting fires." Bally v. Pora, 303 Ill. App. 3d 239, 242 (1999); see 62 Am. Jur. 2d Premises Liability §431 (2005). Acting within the scope of his duties, the firefighter accepts the risk of injury caused by a fire. McShane, 235 Ill. App. 3d at 865. However, an owner or occupier of land still has the duty to exercise reasonable care to maintain

-6-

the property in a safe condition so as to prevent injury that firefighters might sustain from a cause independent of the fire. Hedberg v. Mendino, 218 Ill. App. 3d 1087, 1089 (1991). A firefighter does not assume the risk of being injured by a cause that would be faced by an ordinary citizen entering upon the property. McShane, 235 Ill. App. 3d at 865.

Thus, under the fireman's rule, "an owner or occupier of land must exercise reasonable care to prevent injury to firemen that might result from a cause independent of the fire, but has no duty to prevent injury resulting from the fire itself." Vroegh v. J&M Forklift, 165 Ill. 2d 523, 527 (1995).[1]

---

[1]We note that effective July 22, 2003, the legislature added section 9f to the Fire Investigation Act (Pub. Act 93--233, §5, eff. July 22, 2003 (adding 425 ILCS 25/9f)). Section 9f provides:

> "The owner or occupier of the premises and his or her agents owe fire fighters who are on the premises in the performance of their official duties conducting fire investigations or inspections or responding to fire alarms or actual fires on the premises a duty of reasonable care in the maintenance of the premises according to the applicable fire safety codes, regulations, ordinances, and generally applicable safety standards, including any decisions by the Illinois courts. The owner or occupier of the premises and his or her agents are not relieved of the duty of reasonable care if the fire fighter is injured due to the lack of maintenance of the premises in the course of responding to a fire, false alarm, or his or her inspection or investigation of the premises." 425 ILCS 25/9f (West 2008).

In Randich v. Pirtano Construction Co., 346 Ill. App. 3d 414, 426 (2004) (supplemental op.), we noted that it was not clear how the statute affected the common-law fireman's rule. See also Lazenby v. Mark's Construction, Inc., 236 Ill. 2d 83 (2010) (determining whether section 9f was retroactive without answering the question raised in Randich). In the absence of a clear directive in the statute,

The fireman's rule is not an affirmative defense:

> "Unlike an affirmative defense, the 'fireman's rule' does not presuppose the existence of an otherwise valid cause of action. It goes to the threshold question of whether an owner or occupier of land has any duty to fire fighters injured while fighting a fire on his premises. Where the rule applies, it means that no duty is imposed by the law. [Citation.] The absence of duty is not an affirmative defense. It attacks the legal sufficiency of the plaintiff's claim. Rather than giving color to the cause of action, it negates one of the action's basic elements." Vroegh, 165 Ill. 2d at 530-31.

The fireman's rule has been applied to other emergency responders, such as police officers (see Hedberg, 218 Ill. App. 3d at 1089) and emergency medical technicians (see Randich v. Pirtano Construction Co., 346 Ill. App. 3d 414, 425 (2004)). Here, Rusch was described in the complaint as a firemedic, and the parties do not dispute that Rusch was a fireman within the meaning of the rule.

Plaintiff argues that the fireman's rule is inapplicable because Rusch was injured by causes completely independent of the reason he was called to the premises. In support of her argument, plaintiff relies on McShane and Hedberg. We will review each in turn.

---

we would not be inclined to read it as inconsistent with the common law. In any event, we need not address that question here, as neither party relies on the statute. Falato argued and the trial court ruled that Falato had no duty to Rusch under the common-law fireman's rule. Plaintiff has not argued that Falato had a duty to Rusch under section 9f, and we will not do so on her behalf. See Cochran v. George Sollitt Construction Co., 358 Ill. App. 3d 865, 872-73 (2005) (party forfeited premises liability as basis for duty by failing to raise it).

In McShane, two firefighters were injured and two died when acting in response to a fire on the twenty-fifth floor of a high-rise building. The complaint alleged that the firefighters were injured or killed because of defects in an elevator that the firefighters were forced to use and because of the twenty-fifth floor's design and lack of illuminated emergency exit signs. The court noted that in a high-rise firefighters must use elevators to reach the fire scene despite the fact that elevators are inherently dangerous during a fire. McShane, 235 Ill. App. 3d at 870. Thus, for a firefighter to hurdle the fireman's rule in such a situation, he must prove that any alleged defects in the elevator were unrelated to the fire. McShane, 235 Ill. App. 3d at 870. "This is because an elevator's failure to operate correctly during a fire is one of the risks inevitably faced by a firefighter in a high-rise situation." McShane, 235 Ill. App. 3d at 870. Ultimately, the court found the elevator's defective alarm bell and disconnected emergency telephone to be evidence of negligence that made the building unreasonably unsafe. McShane, 235 Ill. App. 3d at 873. Moreover, the court found that the design of the twenty-fifth floor, in violation of city ordinances, and the lack of signage also made the building unreasonably unsafe. The court concluded that the cited defects formed a proper basis for finding the defendants negligent. McShane, 235 Ill. App. 3d at 874-75. The court refused to apply the fireman's rule, because the defects were not caused by or otherwise related to the fire. McShane, 235 Ill. App. 3d at 875.

In Hedberg, the plaintiff, a police officer, was injured when he tripped on a defect in the sidewalk leading up to the defendant's premises. The plaintiff was on the premises in response to a call concerning a possible prowler. The court held that the fireman's rule did not bar the plaintiff's negligence claim, because the "plaintiff was injured by a cause independent of the emergency he was investigating." Hedberg, 218 Ill. App. 3d at 1093. The plaintiff was on the property to investigate

a prowler, not to investigate the sidewalk. The court stated that the "[p]laintiff had a right to assume that the premises were reasonably safe for his entry onto defendant's land at a time he was concerned with investigating and possibly protecting himself from the prowler." Hedberg, 218 Ill. App. 3d at 1091.

Based on the reasoning in McShane and Hedberg, under the facts of this case, the fireman's rule does not apply. As the trial court noted, the "fire," i.e., the reason Rusch went to the premises, was Meinhardt's fall from the attic to the second floor. Rusch was not injured as a result of the alleged negligence that resulted in his call to the premises. Rather, he was injured by an allegedly defective stairway, negligence that was completely independent of the negligence that injured Meinhardt. The trial court noted that "use of the stairs was clearly associated with the emergency services Rusch was providing." That, however, is not the test to determine the applicability of the fireman's rule. If it were, then McShane and Hedberg would likely have resulted differently. Certainly, the firefighters' use of the elevator in McShane and the police officer's use of the sidewalk in Hedberg were "associated" with the emergency services being provided. Rusch had a right to assume that the premises or, more specifically, the stairway was reasonably safe for his use. See Hedberg, 218 Ill. App. 3d at 1091.

The trial court misinterpreted the law concerning the fireman's rule, as its ruling erroneously focused on the open and obvious nature of the defective stairs. The trial court stated:

"The stairway where Rusch was allegedly injured is roughly analogous to the elevator in McShane or the sidewalk in Hedberg. However, in McShane the firefighters were unaware of most of the defective conditions that contributed to their injuries. In Hedberg,

the court addressed a situation where the complaint did not 'show that plaintiff was aware or should have been aware of the defective and uneven sidewalk.' "

The trial court then noted that "[t]he nature of the stairway, the alleged absence of handrails and the 'narrow' stairs (taken as true for the purpose of the motion) were apparent to Meinhardt, who had used the stairs before his accident." The court concluded that "the stairway in question presented an open and obvious danger to Rusch as he provided aid to Meinhardt. Under the fireman's rule the Complaint is barred as to all Defendants." Thus, the court distinguished McShane and Hedberg by finding that here, unlike in McShane and Hedberg, "the stairway in question presented an open and obvious danger to Rusch as he provided aid to Meinhardt." However, before determining whether the defective stairway presented an open and obvious danger, the court should have first determined whether the fireman's rule applied, an inquiry that is independent of whether the danger was open and obvious. For the reasons stated above, we hold that the fireman's rule does not bar plaintiff's claim.

Although the trial court improperly concluded that the fireman's rule barred plaintiff's claim, summary judgment would nevertheless be proper if we were to agree with the trial court's conclusion that the allegedly defective condition of the stairway was open and obvious and that neither the deliberate encounter nor the distraction exception applied. See Fan v. Auster Co., 389 Ill. App. 3d 633, 648 (2009) (we may affirm summary judgment on any ground).

Illinois has adopted the rules set forth in sections 343(a) and 343A of the Restatement (Second) of Torts regarding the duty of possessors of land to their invitees. Restatement (Second) of Torts §§343(a), 343A (1965). Under section 343(a), a possessor of land owes its invitees a duty of reasonable care to maintain the premises in a reasonably safe condition. Restatement (Second)

of Torts §343(a) (1965); see Ward, 136 Ill. 2d at 141. Section 343A(1) provides that a possessor of land cannot be liable for an invitee's injury if the condition that caused the injury was known or obvious to the invitee. Restatement (Second) of Torts §343A(1) (1965). " 'Known' means 'not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves.' " Deibert v. Bauer Brothers Construction Co., 141 Ill. 2d 430, 435 (1990), quoting Restatement (Second) of Torts §343A, Comment b, at 219 (1965). The term "obvious" means "that 'both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment.' " Deibert, 141 Ill. 2d at 435, quoting Restatement (Second) of Torts §343A, Comment b, at 219 (1965). The rule espoused in section 343A(1) has become known as the "open and obvious rule." Ward, 136 Ill. 2d at 147; Prostran v. City of Chicago, 349 Ill. App. 3d 81, 88 (2004).

A finding that a condition that caused an injury was open and obvious is not a per se bar to finding a duty on the part of a possessor of the land. Belluomini v. Stratford Green Condominium Ass'n, 346 Ill. App. 3d 687, 691 (2004). Under section 343A(1), even if the condition on the land was obvious to the invitee, a possessor may be liable if the possessor should have anticipated the harm. Restatement (Second) of Torts §343A(1) (1965); see Belluomini, 346 Ill. App. 3d at 691. There are two instances in which a possessor of land should anticipate harm. One instance is " 'where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.' " Ward, 136 Ill. 2d at 149-50, quoting Restatement (Second) of Torts §343A, Comment f, at 220 (1965). This is known as the distraction exception to the open and obvious rule. The second instance is "when the possessor 'has reason to expect that the invitee will proceed to encounter the

known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.' " LaFever v. Kemlite Co., 185 Ill. 2d 380, 391 (1998), quoting Restatement (Second) of Torts §343A, Comment f, at 220 (1965). This is known as the deliberate encounter exception to the open and obvious rule.

Here, the court concluded that the "deliberate encounter exception is inapplicable with respect to a fireman injured while responding to an emergency call." See Randich, 346 Ill. App. 3d at 423-24; Smithers v. Center Point Properties Corp., 318 Ill. App. 3d 430, 441-42 (2000). It is true that the deliberate encounter exception does not abrogate the fireman's rule; however, because plaintiff's claim was not barred by the fireman's rule, a traditional duty analysis applies, which includes, in this case, the applicability of the deliberate encounter exception. See Lurgio v. Commonwealth Edison Co., 394 Ill. App. 3d 957, 964-65 (2009).

According to the deliberate encounter exception, harm may be reasonably anticipated when the landowner "has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." Restatement (Second) of Torts §343A, Comment f, at 220 (1965). For example:

"A owns an office building, in which he rents an office for business purposes to B. The only approach to the office is over a slippery waxed stairway, whose condition is visible and quite obvious. C, employed by B in the office, uses the stairway on her way to work, slips on it, and is injured. Her only alternative to taking the risk was to forgo her employment. A is subject to liability to C." Restatement (Second) of Torts §343A, Illustration 5, at 221 (1965).

Meinhardt testified that there was one stairway leading from the first floor to the second floor. The trial court noted this fact; however, as noted above, its conclusion concerning the inapplicability of

the deliberate encounter exception turned on its erroneous conclusion that the fireman's rule applied. Because there was only one stairway available for use, it was reasonable to expect an invitee to encounter the known or obvious danger, as it was the only means to travel between the first and second floors. See LeFever, 185 Ill. 2d at 393. Accordingly, we hold that plaintiff's claim is not barred by the open and obvious rule, as the deliberate encounter exception applies.

Accordingly, based on the foregoing, we find that the trial court improperly granted summary judgment in favor of Falato.

## B. Leave to Amend

Section 2--616(a) of the Code of Civil Procedure (the Code) (735 ILCS 5/2--616(a) (West 2008)) permits amendments at any time prior to the entry of final judgment, "on just and reasonable terms." 735 ILCS 5/2--616(a) (West 2008). Whether to allow the amendment of a pleading is a matter for the trial court's discretion in light of the following factors: (1) whether the proposed amendment would cure the defective pleading; (2) whether the proposed amendment would cause prejudice or surprise to other parties; (3) whether the proposed amendment was timely; and (4) whether previous opportunities to amend the pleading could be identified. Loyola Academy v. S&S Roof Maintenance, Inc., 146 Ill. 2d 263, 273 (1992). The most important of the Loyola factors is the prejudice to the opposing party, and substantial latitude to amend will be granted when there is no prejudice. Miller v. Pinnacle Door Co., 301 Ill. App. 3d 257, 261 (1998). Amendments should be liberally allowed to permit parties to fully present their cases and to further the interests of justice. Loyola Academy, 146 Ill. 2d at 272-73; Jeffrey M. Goldberg & Associates, Ltd. v. Collins Tuttle & Co., 264 Ill. App. 3d 878, 885 (1994).

Plaintiff argues that the trial court abused its discretion in denying her leave to amend her complaint. Both parties agree that the trial court's ruling was based on its conclusion that the proposed amended complaint would not cure the allegedly defective pleading. Neither party argues the relevance or applicability of the other three Loyola factors.

Presumably, the trial court's decision to deny leave to amend was premised on its ruling concerning the applicability of the fireman's rule as a bar to plaintiff's claim. Indeed, were the fireman's rule applicable, plaintiff's proposed amendment would not overcome that hurdle. As to count I of the proposed amended complaint, Falato defends the court's ruling by arguing that "[t]he claim would be barred in either situation by the Fireman's Rule." As to count II of the proposed amended complaint, Falato defends the court's ruling by arguing that "the case law is clear that the doctrine of open and obvious conditions applies to claims for wilful and wanton conduct." However, in light of our conclusion that the fireman's rule does not bar plaintiff's claim and that the deliberate encounter exception applies to the court's finding of an open and obvious condition, we find that the court's denial of plaintiff's motion to amend on these bases should be reversed.

### III. CONCLUSION

Based on the foregoing, we reverse summary judgment in favor of Falato, reverse the denial of plaintiff's motion for leave to file an amended complaint, and remand for further proceedings.

Reversed and remanded.

HUTCHINSON and BURKE, JJ., concur.